# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LORA A. FRENCH, | ) | |
| Appellant, | ) | Case No. 2:10-cv-1072-RLH-LRL |
| vs. | ) | **O P I N I O N** |
| UNITED STATES OF AMERICA, | ) | |
| Appellee. | ) | |

Appellant (Defendant below) Lora French, appeals her conviction by U.S. Magistrate Judge George W. Foley's Decision and Verdict (#36), dated April 22, 2011, in Case No 2:08-mj-726-GWF. This Court affirms.

Lora French was charged with three counts: (1) operating a motor vehicle while under the influence of alcohol; (2) operating a motor vehicle with a blood alcohol content of .08 grams or higher; and (3) failure to obey a traffic control device, by failing to stop at two stop signs. Judge Foley convicted her of Count One but acquitted her of Counts Two and Three on the basis that those Counts were not proven beyond a reasonable doubt.

French's appeal is based on the following claims: (1) the Magistrate Judge erred by finding that there was probable cause to believe she did not stop at a stop sign, but that there was not proof beyond a reasonable doubt that she failed to stop at the stop sign; (2) the Magistrate Judge should not have considered the Preliminary Breath Test (PBT) or evidentiary breath test against Lora French; and, (3) the Government's evidence was legally insufficient to prove guilt beyond a

1

reasonable doubt as to Count One, and the Magistrate Judge did not consider the totality of circumstances, *i.e.,* did not consider all the evidence.

I

On May 26, 2008, National Park Service Ranger Fletcher Ogg was on patrol in his vehicle which was parked in the upper parking lot at the Callville Bay Marina, in the Lake Mead National Recreational Area. He was facing east. The Marina building, where there was a lounge was to the northeast of his vehicle. He testified he could see the launch ramp, the parking lots and roadways in the vicinity. He observed French's vehicle traveling west from the building, which would be north of his position. He testified that the vehicle did not stop at a T-intersection, where there was a stop sign, and made a left turn without signaling. The vehicle was going slowly. The vehicle reached another intersection where it made a right turn without stopping or signaling. He thought there was a stop sign at that intersection as well, but later learned that there was, in fact, no stop sign at this second intersection. There were no other vehicles in the vicinity, though French's husband testified he was in front of her in a golf cart. Ogg felt there were indications of driving under the influence and violations of two traffic control devices and stopped French's vehicle.

He administered, or attempted to administer, field sobriety tests. She either failed the tests or failed or refused to complete the tests. She was arrested for driving under the influence of alcohol. An Intoxilyzer 5000EN breath test was thereafter administered which indicated her blood alcohol content was above the legal limit of .08 percent.

II

Appellant's argument, that the acquittal of Count Three (failure to stop for two stop signs) contradicts and negates the Magistrate Judge's finding of probable cause, totally misses the mark and demonstrates a complete lack of understanding of the difference between the burden of establishing probable cause for a stop, and proof beyond a reasonable doubt necessary for a conviction.

////

1       First, Count Three charges French with failure to stop at *two* stop signs. She only
2  failed to stop at *one*. But she did fail to stop at the one. As to the second intersection, the question
3  for probable cause is not what the Court believed, but what the officer reasonably believed. The fact
4  that the officer is found to be mistaken, in his belief that an infraction has occurred, does not negate
5  the legitimacy of the stop nor destroy the probable cause he had for making the stop. "[A] mere
6  mistake of fact will not render a stop illegal, if the objective facts known to the officer gave rise to a
7  reasonable suspicion that criminal activity was afoot." *United States v. Miguel*, 368 F.3d 1150,
8  1153 (9th Cir. 2004). "An officer's correct understanding of the law, together with a good-faith error
9  regarding the facts, can establish reasonable suspicion." *Id.* At 1153-54. French did run one stop
10 sign. The failure to meet the "beyond a reasonable doubt" standard is occasioned by the fact that
11 she was charged with failing to stop at *two* stop signs, when if fact she only failed to stop at one.

12      The standard for finding guilt beyond a reasonable doubt puts a greater burden on the
13 Government than does the burden of proving probable cause. Judge Foley correctly found that the
14 Government did not meet the first, although it did meet the second.

15                                          III

16      Defendant's objection to the use of the Preliminary Breath Test by the Magistrate
17 Judge is also misplaced. As Judge Foley clarified in his Order (#42) denying the motion for a new
18 trial, the PBT results were only used to establish probable cause for her arrest. In his Conclusion
19 and Verdict, in the Decision and Verdict (#36), at page 6 he clearly explains that it was because
20 there was no qualified testimony relating to the intoxilyzer results that he found there was insuffi-
21 cient evidence to establish beyond a reasonable doubt that French violated 36 C.F.R. 4.23(a)(2)
22 which prohibits a person from operating a motor vehicle with a blood alcohol content of .08 percent.
23 Thus, he acquitted French of Count Two which charged the specific content of alcohol. Certainly
24 he considered the testimony about the PBT *and* the failure to the expert testimony to reach his
25 verdict of acquittal on Count Two. There was no error in his doing so. It is permissible and legal
26 for a fact finder to consider specific evidence for a limited purpose. Juries are regularly instructed

3

on the law in this regard. He considered it and found it sufficient to establish probable cause for the arrest, but found it insufficient to convict beyond a reasonable doubt as to Count Two. Judge Foley's actions were not an abuse of his discretion.

IV

The final argument of French's appeal is that the evidence is legally insufficient to prove guilt beyond a reasonable doubt as to Count One, which charges French with driving under the influence of alcohol. While the Court appreciates the commentary on the law, it is well aware of the requirements for finding guilt beyond a reasonable doubt. The Court is also well aware that there is a presumption in favor of the findings of the fact finder, in this case, the Magistrate Judge, with regard to both what the facts are, and the weight of the evidence. The claim of insufficient evidence is reviewed *de novo*. The Court has reviewed the entire matter *de novo*. "The evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. " *United States of Mincoff*, 574 F.3d 1186 (9th Cir. 2009) "[T]his deferential standard of review protects the trier of facts' responsibility to resolve conflicting testimony, weigh the evidence and draw reasonable inferences from the evidence presented." *United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007). Judge Foley had the opportunity to hear and see the witnesses, and to judge their credibility. He also had the opportunity, based on the totality of the evidence to consider and weigh the evidence, including any inconsistencies in the testimony.

It is true that the officer admitted that he was incorrect in his initial belief that there was a second stop sign. But he honestly admitted his mistake. The argument, that there was a discrepancy between the direction Officer Ogg's car was facing and the direction of French's vehicular travel, this Court finds nonsensical. Officer Ogg is not limited to only looking out his windshield. The law permits him to look out his side windows as well. That the events did not take place immediately in front of his vehicle is irrelevant. There is no substantive evidence that he could not see French as she was driving. Any evidence to the contrary was discounted by Judge

4

Foley. The fact that he erroneously stated she was a he, in his report, is not a material inconsistency that destroys the officer's testimony or his credibility. The only doubt expressed by Judge Foley with respect to the testimony of Officer Ogg was with respect to his belief in the second stop sign. Otherwise, the court below found his testimony more credible than the testimony of French's husband. Finally, the officer's testimony that French failed *all* the field sobriety tests is not inconsistent with his testimony. His only failure to perform tests occurred when he attempted to administer the tests and when she kept failing and was unable to finish, or became belligerent so he stopped is not contrary to his testimony and justifies the Court is considering those events in determining whether French was under the influence of alcohol.

       The evidence is more than sufficient to sustain a conviction to the charge of operating a motor vehicle while under the influence of alcohol. Officer Ogg testified that she failed to stop at at least one stop sign: that she made two turns without signaling; when stopped, French attempted to exit her vehicle and needed repeated commands before she returned to the driver's seat; that French required repeated commands before producing her registration and insurance documents; that she was argumentative and belligerent throughout the stop; that French had a strong odor of an alcohol beverage emitting from her breath and person both while seated in the vehicle and when away from it; that French's eyes were bloodshot, watery and red; that she was swaying when she was standing outside her vehicle and her speech was slurred. She performed poorly on all three field sobriety tests, *i.e.*, she was incapable of completing the HGN test and gave indications of impairment in what she did do; that she exhibited seven of the eight clues for being under the influence while doing the Walk and Turn test, and two of the four clues on the One Leg Stand test before she became so aggressive that Ogg stopped the test, which also exhibited poor judgment. While the PBT may have confirmed these findings, they are sufficient of themselves to establish that she was operating the motor vehicle while under the influence of alcohol. Although insufficient to permit a conviction as to a specific percentage of alcohol to blood level, those facts constitute sufficient evidence to convict French of Count One beyond a reasonable doubt.

5

1 | The judgment and conviction are AFFIRMED.

2 | Dated: January 10, 2011.

_____
Roger L. Hunt
Chief United States District Judge